| | |
|---|---|
| 1 | Michele Ballard Miller (SBN 104198) |
| | *mbm@millerlawgroup.com* |
| 2 | Katherine L. Kettler (SBN 231586) |
| | *klk@millerlawgroup.com* |
| 3 | MILLER LAW GROUP |
| 4 | A Professional Corporation |
| | 111 Sutter Street, Suite 700 |
| 5 | San Francisco, CA 94104 |
| | Tel. (415) 464-4300 |
| 6 | Fax (415) 464-4336 |
| 7 | Attorneys for Defendant |
| | KAISER FOUNDATION HOSPITALS |
| 8 | |
| 9 | Bruce A. Harland (SBN 230477) |
| | *bharland@unioncounsel.net* |
| 10 | Manuel Boigues (SBN 248990) |
| | *mboigues@unioncounsel.net* |
| 11 | WEINBERG, ROGER & ROSENFELD |
| | 1001 Marina Village Parkway, Suite 200 |
| 12 | Alameda, CA 94501-1091 |
| | Tel. (510) 337-1001 |
| 13 | Fax (510) 337-1023 |
| 14 | Attorneys for Defendant |
| | SEIU, UHW - WEST |
| 15 | George F. Camerlengo (SBN 50232) |
| | *george@candjlaw.com* |
| 16 | CAMERLENGO & JOHNSON |
| 17 | 643 Bair Island Road, Suite 400 |
| | Redwood City, CA 94063 |
| 18 | Tel. (650) 366-2911 |
| | Fax (650) 365-7981 |
| 19 | Attorney for Plaintiff |
| | KRISTINNA GROTZ |

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTINNA GROTZ, an individual, | | Case No.: CV 12 3539 EMC |
| Plaintiff, | | **SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |
| v. | | |
| KAISER FOUNDATION HOSPITALS, INC., | | |

| | |
|---|---|
| THE PERMANENTE MEDICAL GROUP, INC., SEIU-UNITED HEALTHCARE WORKERS WEST,<br><br>Defendants. | Date: May 9, 2013<br>Time: 10:30 a.m.<br>Courtroom: 5, 17th Floor<br><br>Complaint filed: July 6, 2012 |

Pursuant to United States District Court for the Northern District of California, Local Rule 16-9, the Court's December 14, 2012 Order (Docket No. 37), and the Court's March 28, 2013's Case Note (Docket No. 40), counsel for plaintiff Kristinna Grotz ("Plaintiff"), counsel for defendant Kaiser Foundation Hospitals ("Kaiser"), and counsel for defendant SEIU-United Healthcare Workers West ("Union") (collectively "Defendants"), have met and conferred via telephone and by e-mail, and jointly submit the following Supplemental Joint Case Management Conference Statement in accordance with Rule 26 of the Federal Rules of Civil Procedure.

## 1. JURISDICTION AND SERVICE

Plaintiff is invoking subject matter jurisdiction pursuant to section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185 *et seq*). The Parties do not anticipate any issues regarding personal jurisdiction or venue, and no other parties remain to be served.

## 2. FACTS

Plaintiff's Position:

Plaintiff contends that she was terminated by Kaiser without good cause and in retaliation for her reporting criminal drug use by her manager in the workplace. Plaintiff further contends the Union breached its duty of fair representation towards Plaintiff by handling her meritorious grievance in an arbitrary, perfunctory and bad faith manner, and by refusing to take Plaintiff's grievance to the Step 3 level or arbitration without explanation or rationale.

Kaiser's Position:

Plaintiff worked for approximately nine years as an Admitting Representative in Kaiser's South San Francisco facility, and was a member of the Union. Plaintiff was terminated from her position on July 7, 2011 after Kaiser discovered discrepancies in her timecards. Specifically, an investigation revealed that Plaintiff had at least three time card entries stating she was at work when she was not. Although Plaintiff had knowledge of Kaiser's time card policies and procedures, these entries did not conform to policy requirements. Moreover, Plaintiff was unable to credibly explain the discrepancies. Kaiser afforded Plaintiff an opportunity to avoid termination by accepting a five day disciplinary suspension and signing a Last Chance Agreement. The Union advised Plaintiff to accept this discipline and sign the Agreement. When Plaintiff refused, her employment was terminated.

Union's Position:

Plaintiff was terminated on July 7, 2011 for time card fraud. UHW filed a grievance over Plaintiff's termination. UHW processed the grievance to comply with contractual timelines. UHW determined that the case lacked merit, however, and withdrew the grievance.

3. **LEGAL ISSUES**

Plaintiff's Position:

Kaiser: (1) Whether plaintiff's termination was motivated, at least in part, by retaliation on the part of Kaiser managers as a result of plaintiff's complaints of criminal drug use in the workplace; and (2) Whether the circumstances of plaintiff's termination establish the claim of intentional infliction of emotional distress by Kaiser agents.

Union: Whether the evidence will sufficiently establish the Union's breach of its duty of fair representation.

Both Defendants: If liability is established, what is the measure and amount of recoverable damages against either defendant?

Kaiser's Position:

Kaiser categorically denies that Plaintiff's termination was wrongful or retaliatory and instead maintains that it thoroughly investigated and substantiated the timecard discrepancies in question. Kaiser further denies that Plaintiff has sustained any economic damages, and to the extent that Plaintiff has sustained economic damages it is not as a result of any actions by Kaiser. Moreover even if Plaintiff has sustained economic liability – which is not the case - she failed to take reasonable efforts to mitigate such damages. Kaiser also denies that Kaiser's alleged conduct was outrageous or in any way outside the normal scope of the employment relationship and that to the extent Plaintiff suffered any emotional distress such a claim is preempted by California Worker's Compensation Act.

Union's Position:

The issue with respect to UHW is whether UHW breached its duty of fair representation owed to Plaintiff.

The parties anticipate that as discovery proceeds, the above legal issues might change and they hereby reserve all rights to update or amend the above.

## 4. MOTIONS

Prior Motions:

The Union and Kaiser each filed a Motion to Dismiss (Docket Nos. 8 and 14, respectively) and on October 29, 2012, the Court issued an Order Granting In Part and Denying In Part Defendants' Motions to Dismiss [and Defendant Kaiser's Motion to Strike] (Docket No. 29) ("Order").

Anticipated Motions:

Plaintiff anticipates filing motions *in limine*. Both Defendants anticipate filing motions for summary judgment. Further, to the extent any of Plaintiff's causes of action are not resolved at the summary judgment stage Defendants anticipate moving to bifurcate any

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

determination of liability from damages and will file other appropriate *in limine* motions.

## 5. AMENDMENT OF PLEADINGS

The parties do not currently anticipate any amendments to the pleadings.

## 6. EVIDENCE PRESERVATION

<u>Plaintiff</u>: Counsel has instructed Plaintiff to preserve all written and electronic communications concerning her employment.

<u>Kaiser</u>: Kaiser has taken all necessary steps to preserve documents and communications, including email, relevant to Plaintiff's employment and claims asserted in this action. Subsequent preservation efforts have been made as appropriate, including the issuance of appropriate litigation hold notices. Investigation is ongoing.

<u>Union</u>: Union has taken all reasonable steps necessary to preserve discoverable information, including emails and other electronically saved information relevant to Plaintiff's claims asserted in this action.

## 7. DISCLOSURES

The parties exchanged initial disclosures on or before February 11, 2013.

## 8. DISCOVERY

The parties have exchanged some documents with additional documents to be produced by Kaiser upon the filing of a protective order stipulation. Plaintiff's deposition is currently set for June 18 and 19, 2013. The parties submit the following proposed discovery plan.

<u>FRCP 26(a)</u>: With respect to the initial disclosures required under Rule 26(a)(1), the

4

parties exchanged the disclosures on or before February 11, 2013.  With respect to expert disclosures set forth in Rule 26(a)(2), the parties propose to disclose expert witnesses by no later than December 13, 2013 and to disclose rebuttal experts, if any, by no later than January 10, 2014.   The parties do not currently anticipate any changes will be made to the timing, form, or requirements for the disclosures of expert testimony or pretrial disclosures.

<u>Discovery Subjects</u>:  Plaintiff anticipates her discovery will take place by November 29, 2013.  Kaiser anticipates propounding written discovery, taking the deposition of Plaintiff and fact witnesses identified by Plaintiff and taking the deposition of expert witnesses identified by Plaintiff.  Union anticipates propounding written discovery, taking the deposition of Plaintiff and other relevant witnesses.  The parties anticipate that fact discovery can be completed by November 29, 2013.

<u>Discovery Limitations</u>:  The parties propose that there be no changes or limitations on discovery, other than those set forth in the Local Rules and in the Federal Rules of Civil Procedure.  Should Plaintiff's deposition require more than one seven-hour day to complete for either defendant, that defendant will seek Plaintiff's agreement or a Court Order permitting same.

<u>Protective Order</u>:   Certain documents, such as confidential and/or private investigative or employment records, company documents and/or medical files, have been requested, so the parties plan to move the Court for a Protective Order, or submit a stipulated Protective Order.

**9.    CLASS ACTION**

This lawsuit is not a class action.

**10.    RELATED CASES**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**11.    RELIEF**

<u>Plaintiff</u> will seek to recover economic and noneconomic damages based on the following components: (a) past wage and benefit loss; (b) future wage and benefit loss; (c) costs of education and retraining; (d) counseling; (e) emotional distress; (f) punitive damages; and (g) attorney fees.  Amount of damages in these various categories depends in part upon discovery and future events, such as Plaintiff becoming reemployed.

<u>Kaiser</u> denies that it violated Plaintiff's rights in any way or wrongfully terminated her employment.  Kaiser further denies that Plaintiff has suffered any damages; that if she suffered any damage – which is not the case -- that it was as a result of conduct by Kaiser, or that Plaintiff has taken reasonable efforts to mitigate any such damages.

<u>Defendant UHW</u> does not seek damages.  Even if liability were established, Defendant UHW denies that Plaintiff is entitled to any damages.

**12.    SETTLEMENT AND ADR**

On February 19, 2013, the three parties attended an all-day private mediation with mediator Joanne Dellaverson in San Francisco.  The parties were unable to resolve the matter; the mediation was adjourned pending further discovery.

**13.    MAGISTRATE JUDGE**

The parties do not consent to assignment of this case to a United States Magistrate Judge for further proceedings, including trial and entry of judgment.

**14.   OTHER REFERENCES**

This case is not suitable for, nor does Kaiser consent to, reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

<u>Defendants</u>:  As discovery proceeds and if the case proceeds to trial, the parties will meet and confer concerning any issues that can be narrowed, including a possible voluntary dismissal of Plaintiff's third cause of action for intentional infliction of emotional distress due to Worker's Compensation preemption and bifurcation of any determination of liability from punitive damages.

<u>Plaintiff</u>: While factual issues may well be resolved by stipulation following discovery, Plaintiff does not currently believe her intentional infliction of emotional distress claim will be voluntarily dismissed.

**16.   EXPEDITED SCHEDULE**

This is not a case that can be handled on an expedited basis with streamlined procedures.

**17.   SCHEDULING**

The parties propose the following schedule:

| | |
|---|---|
| Fact Discovery Cut-off: | November 29, 2013 |
| Expert Designation & Report Deadline | December 13, 2013 |
| Rebuttal Expert Designation & Report | January 10, 2014 |
| Last Date for Hearing On Dispositive Motions: | January 13, 2014 |
| Pre-Trial Conference: | March 13, 2014 |
| Trial: | April 11, 2014 |

**18.   TRIAL**

In her Complaint, Plaintiff has requested a jury trial.  The parties estimate that if this matter proceeds to trial, that trial will last ten to fifteen days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant Kaiser filed its Certification of Interested Entities or Persons required by Civil Local Rule 3-16 on November 16, 2012 (Docket No. 32).  As stated in that filing, Defendant Kaiser Foundation Hospitals, a California Corporation, certified that, other than the named parties, there is no such interest to report.

Dated:  May 2, 2013

MILLER LAW GROUP
A Professional Corporation

By:   /s/
Michele Ballard Miller
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

Dated:  May 2, 2013

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:   /s/
Yuri Y. Gottesman
Attorneys for Defendant
SEIU, UHW - WEST

Dated:  May 2, 2013

CAMERLENGO & JOHNSON
A Professional Corporation

By:   /s/
George F. Camerlengo
Attorneys for Plaintiff
KRISTINNA GROTZ

**[PROPOSED] CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court and the parties are ordered to comply with the Order.  In addition the Court orders:

The parties are ordered to comply with the following case management dates:

| | |
|---|---|
| Fact Discovery Cut-off: | November 29 , 2013 |
| Expert Designation & Report Deadline | December 13, 2013 |
| Rebuttal Expert Designation & Report | January 10, 2014 |
| Last Date for Hearing On Dispositive Motions: | January 13, 2014 |
| Pre-Trial Conference: | March 13, 2014 |
| Trial: | April 11, 2014 |

Dated: _____

_____
HON. EDWARD M. CHEN

4847-7135-6691, v.  1