Michele Ballard Miller (SBN 104198)
  *mbm@millerlawgroup.com*
Katherine L. Kettler (SBN 231586)
  *klk@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants
KAISER FOUNDATION HOSPITALS

Bruce A. Harland (SBN 230477)
Manuel Boigues (SBN 248990)
  *mboigues@unioncounsel.net*
WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Tel. (510) 337-1001
Fax (510) 337-1023

Attorneys for Defendant
SEIU, UHW - WEST

George F. Camerlengo (SBN 50232)
  *george@candjlaw.com*
CAMERLENGO & JOHNSON
643 Bair Island Road, Suite 400
Redwood City, CA 94063
Tel. (650) 366-2911
Fax (650) 365-7981

Attorney for Plaintiff
KRISTINNA GROTZ

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINNA GROTZ, an individual, | Case No.: CV 12 3539 EMC |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | Complaint filed: July 6, 2012 |
| KAISER FOUNDATION HOSPITALS, INC., THE PERMANENTE MEDICAL GROUP, INC., SEIU-UNITED HEALTHCARE WORKERS WEST, | |

1
**STIPULATION AND PROTECTIVE ORDER**
**Case No.: CV 12 3539 EMC**

Defendants.

## STIPULATION

WHEREAS, the parties have or intend to exchange requests for information and documents in discovery, and produce witnesses for deposition testimony, which may require disclosure of highly sensitive, personal, confidential and/or proprietary information and documents pertaining to Plaintiff's medical and/or mental health records and the business operations of The Permanente Medical Group, Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Kaiser Permanente Medical Care Program (collectively referred to herein as "Kaiser"), members, patients, current and former Kaiser employees, agents, representatives, officers, directors, and/or Health Plan members  including, but not limited to, peer review and quality of care information protected by California Evidence Code § 1157 and/or Health and Safety Code §§ 1370 and 1370.1; patient health information protected under the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Rule, the California Confidentiality of Medical Information Act, Civil Code § 56, *et seq.*, Article I, Section 1 of the California Constitution and the state common law right to privacy; and confidential personnel records and information pertaining to third-party employees or former employees of Kaiser (hereinafter "Confidential Information"); and

WHEREAS, the unauthorized disclosure or use of Confidential Information could seriously harm Kaiser's business operations, Plaintiff's right to privacy, or the right to privacy of Kaiser's current and former employees, its member patients, and the public interest; and

WHEREAS, such information are properly the subject of a protective order, as contemplated by Federal Rule of Civil Procedure 26;

WHEREAS, the parties wish to have the Court enter this Protective Order so they may litigate this action while protecting against unauthorized disclosure of Confidential Information, and to ensure that such information will be used solely for the prosecution or defense of this action and not for any other purpose whatsoever;

NOW THEREFORE, the parties to this action, through their counsel of record and subject to approval of the Court, and without waiving any claims or defenses in this case, hereby stipulate to entry by the Court of a Protective Order in the form set forth below:

1. <u>Confidential Information</u>.

"Confidential Information" shall mean any documents or testimony, discovery responses, notes and all information contained in any of these, which contain patient identifying information, patient medical information, peer review documents and information, financial and business information not available to the public, and/or personnel information.

2. <u>Scope of Protective Order</u>.

(a) All Confidential Information produced by any party or non-party shall be used solely for the purposes of the prosecution or defense of this litigation. The disclosure of Confidential Information by any party shall not constitute a waiver of confidentiality or of any applicable privilege recognized by law.

(b) The protection of this Protective Order may be invoked with respect to the originals or copies of any documents, oral testimony, data, information, or things (collectively "Materials") produced, created or given in this action which contain Confidential Information.

/ / /

/ / /

3.     Designation of Materials Containing Confidential Information.

A party may designate testimony, documents or other information as "Confidential" for purposes of this Protective Order in the following manner:

(a) Documents:  The copy of the document when produced shall bear the clear and legible designation "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on each page of the document;

(b) Discovery Responses:  The pages of such responses containing Confidential Information shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Material Subject To A Protective Order;"

(c) Deposition Testimony:  The party seeking to designate testimony as subject to this Protective Order may make a statement on the record by counsel, during such deposition or other pretrial proceeding that the entire transcript or a portion hereof shall be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; or by written notice of such designation sent to counsel for all other parties and to the court reporter within thirty (30) days of the party's receipt of the deposition transcript in which the designations are made or within thirty days after the entry of this Protective Order, whichever occurs later.  The Parties shall treat all depositions and other pretrial testimony as Confidential until the expiration of the period of time during which the deposition transcript may be designated as Confidential.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or by written stipulation, without further order of the Court.

(d) Discovery Produced by Opposing Party or Non-Party:  A party may designate as "Confidential Information" documents or discovery materials produced by a party or non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

4. <u>Disclosure of Materials Designated Confidential</u>.

(a) Materials designated "Confidential," as well as notes, summaries, excerpts and extracts thereof, shall not be disclosed or made accessible to, or used by, any person except as specifically permitted by this Protective Order. Materials designated "Confidential" may be disclosed to the following "Qualified Persons:"

(i) Plaintiff;

(ii) Defendants;

(iii) Attorneys actively involved in representation of a party in this action, including partners, associate attorneys, their secretaries, paralegals, legal assistants, and other staff actively involved in this litigation;

(iv) In-house attorneys employed by any party to this action and responsible for this litigation, and their secretaries, paralegal and legal assistants;

(v) The parties and employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

(vi) Any expert or consultant retained by any party to this action, or their counsel of record, and any employee of such expert assisting in this litigation (collectively, "Experts");

(vii) For purposes of filing or lodging documents with the Court, the assigned judge(s) and other Court personnel;

(viii) Court reporters and videographers of sworn proceedings;

(ix) Any person whom a document, on its face, indicates that he/she was the author or recipient (i.e., listed as a recipient or a "cc" or a bcc") of the document;

(x) Witnesses and prospective witnesses (and witness's counsel, if any) to the extent deemed in good faith to be necessary by any party to investigate and/or to prepare for or give testimony regarding facts raised in this litigation, or to assist counsel in performing work in this litigation;

(xi) Any person called to testify as a witness either at a deposition or other court proceeding in this action, but only to the extent necessary for the purpose of

1  assisting in the preparation or examination of the witness, and only if such persons are
2  informed of the terms of this Protective Order, provided with a copy of the Protective Order
3  and agree, on the record, that they are bound by the terms of the Protective Order and are
4  required not to disclose information contained in the Materials which is designated
5  "Confidential;"

6        (x)    Any other person only upon order of the Court or upon prior
7  written consent of the party producing the Confidential Information, subject to and
8  conditioned upon compliance with Paragraph (b) immediately below.

9        (b)    Each Qualified person described in paragraphs 2(a)(vi), (ix) and (x) to
10 whom Confidential Materials are disclosed shall, before the disclosure, execute a non-
11 disclosure certification ("Certification") in the form attached hereto as Exhibit A, and shall
12 agree to be bound by this Protective Order and to be subject to the jurisdiction of the Court
13 for the purpose of enforcement.  Counsel disclosing "Confidential" material to persons
14 required to execute a Certification shall retain all such executed Certifications.  Copies of
15 the executed Certifications shall be preserved by counsel until six (6) months after the final
16 termination of this action, and shall be provided to the opposing party if the Court so orders
17 upon a showing of good cause.  Nothing in this section precludes authors or recipients of
18 documents designated as CONFIDENTIAL from using such documents for peer review or in
19 the ordinary course of business.

20

21     5.    <u>Disclosure of Plaintiff's Health Information and Medical Records</u>

22     Pursuant to the Health Insurance Portability and Accountability Act of 1996
23 ("HIPAA"), as amended, and its governing regulations, Plaintiff hereby authorizes and
24 understands that Plaintiff's individually identifiable health information and medical records
25 regarding any past, present or future medical or mental health condition, that are produced
26 during discovery in this action, will be subject to the terms of this Stipulation and Protective
27 Order.

28

6. <u>Procedures For Filing Papers In Court</u>.

All transcripts, depositions, exhibits, answers to interrogatories, and other documents and things filed with the Court, which contain Confidential Information as defined above, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed only with the agreement of the Producing Party or under seal, pursuant to Civil Local Rule 79-5.

7. <u>Custody of Materials Designated Confidential</u>.

A Qualified Person with custody of Materials designated as containing Confidential Information shall maintain such Materials in a manner that limits access only to Qualified Persons and shall take reasonable and prudent measures to safeguard the confidentiality of the Materials.  Such measures shall include, without limitation, making reasonable efforts to redact from the Materials all protected health information, all peer review privileged information, and other personal identifying information of Kaiser Health Plan members and Kaiser employees when the Materials are produced in pre-trial discovery, at a Court hearing, at trial or any other legal proceeding, and when such Confidential Information is not relevant to any issue in the litigation.

8. <u>Termination</u>.

All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the final termination of this action, unless otherwise agreed or ordered.  Within ten (10) days of the final termination of this action, up to and including expiration of the time for any appeals, if requested by the Producing Party, the parties shall return all Materials designated as containing Confidential Information (other than that which is contained in the pleadings, correspondence and deposition transcripts), including all copies thereof, to the party who produced such Materials.  All counsel of record shall certify in writing their compliance with this provision and shall deliver the certification to counsel for the producing party no later than fourteen

(14) days after final termination of this action.

9. <u>Inadvertent Disclosure</u>.

Should any Materials designated as containing Confidential Information be disclosed, through inadvertence or otherwise, to any person or entity not entitled to receive it under this Protective Order, the parties shall use their best efforts to bind such person or entity to the terms of this Protective Order and:

(a) Such person or entity shall be informed promptly of all of the provisions of this Protective Order by the party or counsel who learned of the disclosure;

(b) Such person or entity shall be identified immediately to the party that designated the Materials as Confidential; and

(c) Such person or entity shall be requested to sign an agreement to abide by the terms of this Protective Order, which agreement shall be served on the party that designated the Materials as Confidential.

10. <u>Reservation of Rights</u>.

By designating any Materials "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. This Stipulation and Protective Order shall not constitute a waiver of any right to seek, or resist, discovery of any Materials in this action. Designation of Materials as "Confidential" pursuant to this Protective Order does not in any way restrict or adversely affect the designating party's use or disclosure of such documents, nor does it restrict or adversely affect the non-designating party's right to object to the admissibility of such documents.

11. <u>No Waiver</u>.

No party to this action shall be obligated to challenge the propriety of any Confidential designation and a failure to do so shall not constitute a waiver of, or preclude a subsequent attack on, the propriety of such designation. Nothing in this Protective Order

shall abridge the right of any person to seek review or to pursue other appropriate action to seek a modification or amendment of this Stipulation and Protective Order.  Nothing in this Protective Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of Materials protected by privilege or work product protection.

12. <u>Not a Contract</u>.

This Stipulation and Protective Order shall not be construed or interpreted as creating a contract between the parties or their counsel.

13. <u>Challenges to Definition of Confidential Information</u>.

The parties acknowledge that disagreements may arise over the precise definition of Confidential Information and, therefore, retain the right to seek a determination by the Court with respect to the definition as applied to any specified types of Materials or information, following a good faith attempt to resolve the disagreement with the other party. Notwithstanding any challenge to the designation of Materials as Confidential Information, all Materials shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) The party or non-party who claims that the Materials are Confidential Information withdraws such designation in writing; or

(b) The party or non-party who claims that the Materials are Confidential Information fails to apply to the Court for an order designating the Materials confidential within thirty (30) days after receipt of a written challenge to such designation; or

(c) The Court rules the Materials are not Confidential Information.

14. <u>Retention of Jurisdiction</u>.

This Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is

needed to enforce the terms of this Protective Order.

**IT IS SO STIPULATED.**

Dated:  June 4, 2013                          CAMERLENGO & JOHNSON


                                              By:  /s/ George F. Camerlengo
                                                   George F. Camerlengo
                                                   Attorneys for Plaintiff
                                                   KRISTINNA GROTZ



Dated: June 4, 2013                           MILLER LAW GROUP
                                              A Professional Corporation


                                              By:  /s/ Michele Ballard Miller
                                                   Michele Ballard Miller
                                                   Attorneys for Defendant
                                                   KAISER FOUNDATION HOSPITALS


Dated:  June 4, 2013                          WEINBERG, ROGER & ROSENFELD
                                              A Professional Corporation


                                              By:  /s/ Manuel A. Boigues
                                                   Manuel A. Boigues
                                                   Attorneys for Defendant
                                                   SEIU-UNITED HEALTHCARE
                                                   WORKERS-WEST

# ORDER

For good cause shown, it is hereby ORDERED that this STIPULATED PROTECTIVE ORDER is entered in this case in accordance with the above stipulation of the parties.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____, 2013

_____
Hon. Edward M. Chen
Federal District Court Judge

# EXHIBIT A

# ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT

# REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he/she has read the Protective Order regarding confidentiality entered in this civil action entitled *Kristinna Grotz, v. Kaiser Foundation Hospitals, Inc.; The Permanente Medical Group, Inc., SEIU - United Healthcare Workers West;* pending in United States District Court, Northern District, Case No. CV 12 3539 EMC, that he/she understands the terms thereof, that he/she has been designated by _____ as a "Qualified Person" thereunder, and that he/she individually and on behalf of _____, and on behalf of the party who designated him/her as a "Qualified Person", agrees to be bound by such Protective Order, and that he/she acknowledges the jurisdiction of the Court and agrees to be bound by the jurisdiction of the Court.

DATED: _____, 20___.

_____
(signature)

_____
(print name)

# ORDER

For good cause shown, it is hereby ORDERED that this STIPULATED PROTECTIVE ORDER is entered in this case in accordance with the above stipulation of the parties.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____                    _____
                                            **Hon. Edward M. Chen**