1  Michele Ballard Miller (SBN 104198)
      *mbm@millerlawgroup.com*
2  Katherine L. Kettler (SBN 231586)
      *klk@millerlawgroup.com*
3  MILLER LAW GROUP
   A Professional Corporation
4  111 Sutter Street, Suite 700
   San Francisco, CA 94104
5  Tel. (415) 464-4300
   Fax (415) 464-4336
6

7  Attorneys for Defendants
   KAISER FOUNDATION HOSPITALS
8

9  Bruce A. Harland (SBN 230477)
   Manuel Boigues (SBN 248990)
      mboigues@unioncounsel.net
10 WEINBERG, ROGER & ROSENFELD
   1001 Marina Village Parkway, Suite 200
11 Alameda, CA 94501-1091
   Tel. (510) 337-1001
12 Fax (510) 337-1023

13 Attorneys for Defendant
   SEIU, UHW - WEST
14

15 George F. Camerlengo (SBN 50232)
      *george@candjlaw.com*
   CAMERLENGO & JOHNSON
16 643 Bair Island Road, Suite 400
   Redwood City, CA 94063
17 Tel. (650) 366-2911
   Fax (650) 365-7981
18
   Attorney for Plaintiff
19 KRISTINNA GROTZ

20              IN THE UNITED STATES DISTRICT COURT

21              NORTHERN DISTRICT OF CALIFORNIA

22

23 KRISTINNA GROTZ, an individual,          Case No.: CV 12 3539 EMC

24                  Plaintiff,              **STIPULATION AND PROTECTIVE ORDER**

25 v.                                       Complaint filed:  July 6, 2012

26

27 KAISER FOUNDATION HOSPITALS, INC.,
   THE PERMANENTE MEDICAL GROUP,
28 INC., SEIU-UNITED HEALTHCARE
   WORKERS WEST,

*(vertical text, left margin)* MILLER LAW GROUP · A PROFESSIONAL CORPORATION · CALIFORNIA

1

Defendants.

## **STIPULATION**

WHEREAS, the parties have or intend to exchange requests for information and documents in discovery, and produce witnesses for deposition testimony, which may require disclosure of highly sensitive, personal, confidential and/or proprietary information and documents pertaining to Plaintiff's medical and/or mental health records and the business operations of The Permanente Medical Group, Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Kaiser Permanente Medical Care Program (collectively referred to herein as "Kaiser"), members, patients, current and former Kaiser employees, agents, representatives, officers, directors, and/or Health Plan members  including, but not limited to, peer review and quality of care information protected by California Evidence Code § 1157 and/or Health and Safety Code §§ 1370 and 1370.1; patient health information protected under the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Rule, the California Confidentiality of Medical Information Act, Civil Code § 56, *et seq.*, Article I, Section 1 of the California Constitution and the state common law right to privacy; and confidential personnel records and information pertaining to third-party employees or former employees of Kaiser (hereinafter "Confidential Information"); and

WHEREAS, the unauthorized disclosure or use of Confidential Information could seriously harm Kaiser's business operations, Plaintiff's right to privacy, or the right to privacy of Kaiser's current and former employees, its member patients, and the public interest; and

WHEREAS, such information are properly the subject of a protective order, as contemplated by Federal Rule of Civil Procedure 26;

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

WHEREAS, the parties wish to have the Court enter this Protective Order so they may litigate this action while protecting against unauthorized disclosure of Confidential Information, and to ensure that such information will be used solely for the prosecution or defense of this action and not for any other purpose whatsoever;

NOW THEREFORE, the parties to this action, through their counsel of record and subject to approval of the Court, and without waiving any claims or defenses in this case, hereby stipulate to entry by the Court of a Protective Order in the form set forth below:

1.   Confidential Information.

"Confidential Information" shall mean any documents or testimony, discovery responses, notes and all information contained in any of these, which contain patient identifying information, patient medical information, peer review documents and information, financial and business information not available to the public, and/or personnel information.

2.   Scope of Protective Order.

(a)   All Confidential Information produced by any party or non-party shall be used solely for the purposes of the prosecution or defense of this litigation.  The disclosure of Confidential Information by any party shall not constitute a waiver of confidentiality or of any applicable privilege recognized by law.

(b)   The protection of this Protective Order may be invoked with respect to the originals or copies of any documents, oral testimony, data, information, or things (collectively "Materials") produced, created or given in this action which contain Confidential Information.

/ / /

/ / /

1    3.    Designation of Materials Containing Confidential Information.

2    A party may designate testimony, documents or other information as

3 "Confidential" for purposes of this Protective Order in the following manner:

4    (a) Documents:  The copy of the document when produced shall bear

5 the clear and legible designation "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

6 on each page of the document;

7    (b) Discovery Responses:  The pages of such responses containing

8 Confidential Information shall be so marked, and the first page of the requests or responses

9 shall bear a legend substantially stating that "This Document Contains Confidential Material

10 Subject To A Protective Order;"

11    (c) Deposition Testimony:  The party seeking to designate testimony as

12 subject to this Protective Order may make a statement on the record by counsel, during

13 such deposition or other pretrial proceeding that the entire transcript or a portion hereof

14 shall be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; or by

15 written notice of such designation sent to counsel for all other parties and to the court

16 reporter within thirty (30) days of the party's receipt of the deposition transcript in which the

17 designations are made or within thirty days after the entry of this Protective Order,

18 whichever occurs later.  The Parties shall treat all depositions and other pretrial testimony

19 as Confidential until the expiration of the period of time during which the deposition

20 transcript may be designated as Confidential.  The parties may modify this procedure for

21 any particular deposition or proceeding through agreement on the record at such deposition

22 or proceeding or by written stipulation, without further order of the Court.

23    (d)  Discovery Produced by Opposing Party or Non-Party:  A party may

24 designate as "Confidential Information" documents or discovery materials produced by a

25 party or non-party by providing written notice to all parties of the relevant document

26 numbers or other identification within thirty (30) days after receiving such documents or

27 discovery materials.

28

4. <u>Disclosure of Materials Designated Confidential</u>.

(a)     Materials designated "Confidential," as well as notes, summaries, excerpts and extracts thereof, shall not be disclosed or made accessible to, or used by, any person except as specifically permitted by this Protective Order.   Materials designated "Confidential" may be disclosed to the following "Qualified Persons:"

(i)     Plaintiff;

(ii)     Defendants;

(iii)     Attorneys actively involved in representation of a party in this action, including partners, associate attorneys, their secretaries, paralegals, legal assistants, and other staff actively involved in this litigation;

(iv)     In-house attorneys employed by any party to this action and responsible for this litigation, and their secretaries, paralegal and legal assistants;

(v)     The parties and employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

(vi)     Any expert or consultant retained by any party to  this action, or their counsel of record, and any employee of such expert assisting in this litigation (collectively, "Experts");

(vii)     For purposes of filing or lodging documents with the Court, the assigned judge(s) and other Court personnel;

(viii)     Court reporters and videographers of sworn proceedings;

(ix)     Any person whom a document, on its face, indicates that he/she was the author or recipient (i.e., listed as a recipient or a "cc" or a bcc") of the document;

(x)     Witnesses and prospective witnesses (and witness's counsel, if any) to the extent deemed in good faith to be necessary by any party to investigate and/or to prepare for or give testimony regarding facts raised in this litigation, or to assist counsel in performing work in this litigation;

(xi)     Any person called to testify as a witness either at a deposition or other court proceeding in this action, but only to the extent necessary for the purpose of

5

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

assisting in the preparation or examination of the witness, and only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in the Materials which is designated "Confidential;"

(x)    Any other person only upon order of the Court or upon prior written consent of the party producing the Confidential Information, subject to and conditioned upon compliance with Paragraph (b) immediately below.

(b)    Each Qualified person described in paragraphs 2(a)(vi), (ix) and (x) to whom Confidential Materials are disclosed shall, before the disclosure, execute a non-disclosure certification ("Certification") in the form attached hereto as Exhibit A, and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of the Court for the purpose of enforcement.   Counsel disclosing "Confidential" material to persons required to execute a Certification shall retain all such executed Certifications.   Copies of the executed Certifications shall be preserved by counsel until six (6) months after the final termination of this action, and shall be provided to the opposing party if the Court so orders upon a showing of good cause.   Nothing in this section precludes authors or recipients of documents designated as CONFIDENTIAL from using such documents for peer review or in the ordinary course of business.

5.    <u>Disclosure of Plaintiff's Health Information and Medical Records</u>

Pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended, and its governing regulations, Plaintiff hereby authorizes and understands that Plaintiff's individually identifiable health information and medical records regarding any past, present or future medical or mental health condition, that are produced during discovery in this action, will be subject to the terms of this Stipulation and Protective Order.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1        6.      Procedures For Filing Papers In Court.

2        All transcripts, depositions, exhibits, answers to interrogatories, and other

3   documents and things filed with the Court, which contain Confidential Information as defined

4   above, or any pleading or memorandum purporting to reproduce or paraphrase such

5   information, shall be filed only with the agreement of the Producing Party or under seal,

6   pursuant to Civil Local Rule 79-5.

7

8        7.      Custody of Materials Designated Confidential.

9        A Qualified Person with custody of Materials designated as containing

10   Confidential Information shall maintain such Materials in a manner that limits access only to

11   Qualified Persons and shall take reasonable and prudent measures to safeguard the

12   confidentiality of the Materials.  Such measures shall include, without limitation, making

13   reasonable efforts to redact from the Materials all protected health information, all peer

14   review privileged information, and other personal identifying information of Kaiser Health

15   Plan members and Kaiser employees when the Materials are produced in pre-trial

16   discovery, at a Court hearing, at trial or any other legal proceeding, and when such

17   Confidential Information is not relevant to any issue in the litigation.

18

19        8.      Termination.

20        All provisions of this Protective Order restricting the communication or use of

21   Confidential Information shall continue to be binding after the final termination of this action,

22   unless otherwise agreed or ordered.  Within ten (10) days of the final termination of this

23   action, up to and including expiration of the time for any appeals, if requested by the

24   Producing Party, the parties shall return all Materials designated as containing Confidential

25   Information (other than that which is contained in the pleadings, correspondence and

26   deposition transcripts), including all copies thereof, to the party who produced such

27   Materials.  All counsel of record shall certify in writing their compliance with this provision

28   and shall deliver the certification to counsel for the producing party no later than fourteen

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1 (14) days after final termination of this action.

2

3         9.    <u>Inadvertent Disclosure</u>.

4         Should any Materials designated as containing Confidential Information be

5 disclosed, through inadvertence or otherwise, to any person or entity not entitled to receive

6 it under this Protective Order, the parties shall use their best efforts to bind such person or

7 entity to the terms of this Protective Order and:

8         (a)    Such person or entity shall be informed promptly of all of the provisions

9 of this Protective Order by the party or counsel who learned of the disclosure;

10         (b)    Such person or entity shall be identified immediately to the party that

11 designated the Materials as Confidential; and

12         (c)    Such person or entity shall be requested to sign an agreement to abide

13 by the terms of this Protective Order, which agreement shall be served on the party that

14 designated the Materials as Confidential.

15

16         10.    <u>Reservation of Rights</u>.

17         By designating any Materials "Confidential," the parties do not acknowledge

18 that any such material is relevant or discoverable in this action.   This Stipulation and

19 Protective Order shall not constitute a waiver of any right to seek, or resist, discovery of any

20 Materials in this action.   Designation of Materials as "Confidential" pursuant to this

21 Protective Order does not in any way restrict or adversely affect the designating party's use

22 or disclosure of such documents, nor does it restrict or adversely affect the non-designating

23 party's right to object to the admissibility of such documents.

24

25         11.    <u>No Waiver</u>.

26         No party to this action shall be obligated to challenge the propriety of any

27 Confidential designation and a failure to do so shall not constitute a waiver of, or preclude a

28 subsequent attack on, the propriety of such designation.   Nothing in this Protective Order

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

shall abridge the right of any person to seek review or to pursue other appropriate action to seek a modification or amendment of this Stipulation and Protective Order.  Nothing in this Protective Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of Materials protected by privilege or work product protection.

12.   Not a Contract.

This Stipulation and Protective Order shall not be construed or interpreted as creating a contract between the parties or their counsel.

13.   Challenges to Definition of Confidential Information.

The parties acknowledge that disagreements may arise over the precise definition of Confidential Information and, therefore, retain the right to seek a determination by the Court with respect to the definition as applied to any specified types of Materials or information, following a good faith attempt to resolve the disagreement with the other party. Notwithstanding any challenge to the designation of Materials as Confidential Information, all Materials shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)   The party or non-party who claims that the Materials are Confidential Information withdraws such designation in writing; or

(b)   The party or non-party who claims that the Materials are Confidential Information fails to apply to the Court for an order designating the Materials confidential within thirty (30) days after receipt of a written challenge to such designation; or

(c)   The Court rules the Materials are not Confidential Information.

14.   Retention of Jurisdiction.

This Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1  needed to enforce the terms of this Protective Order.

2

3        **IT IS SO STIPULATED.**

4

5

6  Dated:  June 4, 2013                    CAMERLENGO & JOHNSON

7

8                                          By:   /s/ George F. Camerlengo
                                               George F. Camerlengo
9                                              Attorneys for Plaintiff
                                               KRISTINNA GROTZ
10

11

12  Dated: June 4, 2013                     MILLER LAW GROUP
                                            A Professional Corporation
13

14                                          By:   /s/ Michele Ballard Miller
15                                              Michele Ballard Miller
                                               Attorneys for Defendant
16                                              KAISER FOUNDATION HOSPITALS

17

18  Dated:  June 4, 2013                    WEINBERG, ROGER & ROSENFELD
19                                          A Professional Corporation

20

21                                          By:   /s/ Manuel A. Boigues
22                                              Manuel A. Boigues
                                               Attorneys for Defendant
23                                              SEIU-UNITED HEALTHCARE
                                               WORKERS-WEST
24

25

26

27

28

**STIPULATION AND PROTECTIVE ORDER**
**Case No.: CV 12 3539 EMC**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1

## <u>ORDER</u>

2

3        For good cause shown, it is hereby ORDERED that this STIPULATED

4   PROTECTIVE ORDER is entered in this case in accordance with the above stipulation of

5   the parties.

6

7   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

8

9   DATED: _____6/7_____, 2013

10



11                    Hon. Edward M. Ch...
                      Federal D...

_____

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**STIPULATION AND PROTECTIVE ORDER**
**Case No.: CV 12 3539 EMC**

**EXHIBIT A**

**ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT**

**REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION**


The undersigned hereby acknowledges that he/she has read the Protective Order regarding confidentiality entered in this civil action entitled *Kristinna Grotz, v. Kaiser Foundation Hospitals, Inc.; The Permanente Medical Group, Inc., SEIU - United Healthcare Workers West;* pending in United States District Court, Northern District, Case No. CV 12 3539 EMC, that he/she understands the terms thereof, that he/she has been designated by _____ as a "Qualified Person" thereunder, and that he/she individually and on behalf of _____, and on behalf of the party who designated him/her as a "Qualified Person", agrees to be bound by such Protective Order, and that he/she acknowledges the jurisdiction of the Court and agrees to be bound by the jurisdiction of the Court.



DATED: _____, 20___.



_____
(signature)

_____
(print name)

**STIPULATION AND PROTECTIVE ORDER**
**Case No.: CV 12 3539 EMC**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

## <u>ORDER</u>

For good cause shown, it is hereby ORDERED that this STIPULATED PROTECTIVE ORDER is entered in this case in accordance with the above stipulation of the parties.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**



6/7/13

Dated: _____

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**STIPULATION AND PROTECTIVE ORDER**
**Case No.: CV 12 3539 EMC**